IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDGAR LOPEZ, and IMA, Inc.,**

    **Plaintiffs,**

v.                                                          No. 10cv0882 JCH/GBW

**EDWARD F. KILLIAN and
JEANIE KILLIAN, as Co-Trustees
of the EDWARD F. KILLIAN
LIVING TRUST; and VICKI HUNT,
as TRUSTEE OF THE JACK R. HUNT,
LIVING TRUST and as EXECUTOR OF THE
ESTATE OF JACK R. HUNT,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DISMISSING CASE
## FOR LACK OF PROSECUTION

**THIS MATTER** comes before the Court on its March 2, 2012 Order *sua sponte* requiring the Plaintiffs to show cause why this case should not be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for their failure to prosecute. *See* Doc. 29. The Order gave Plaintiffs 14 days to respond, and Plaintiffs' response was due on March 16, 2012, but they have failed to comply with that Order. The Plaintiffs have previously been warned that failure to prosecute could result in dismissal of their case, *see* Doc. 27 at 2, and the Court also warned Plaintiffs that, if they failed to respond to the show-cause Order, the Court would dismiss their case "without further notice," Doc. 29 at 11.

A district court may *sua sponte* dismiss an action with prejudice if the plaintiff fails "to prosecute or to to comply with these rules or a court order . . . ." FED. R. CIV. P. 41(b); *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). The factors that a district court must consider before dismissing with prejudice include: "(1) the degree of actual prejudice to the defendant; (2)

the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Olsen*, 333 F.3d at 1204 (internal quotation marks omitted).

The Court finds that these factors support dismissal. Plaintiffs failed to respond to the Defendants' motion to dismiss; the Plaintiffs have done nothing to move their case forward since it was filed in September 2010; and Defendants are prejudiced by Plaintiffs' long silence because it is difficult to defend against an action that is not being prosecuted. Plaintiffs have seriously interfered with the judicial process because the Court cannot move this case forward without the Plaintiffs' cooperation, and the Court's ability to manage its docket is disadvantaged when a plaintiff does not respond to its orders. Plaintiffs' culpability is apparent when they do not even respond to an order to show cause or offer any reasons for the lack of diligence in prosecuting the case. Plaintiffs were warned on March 2, 2012 that dismissal would be the sanction for further failure to respond to the show-cause order in this case. Finally, lesser sanctions would not be effective where it is apparent that Plaintiffs are nonresponsive even to the threat of dismissal of this action.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Complaint is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE